UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CHARLENE LIVELY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV623-069 |
| | ) |
| FRANK BISIGNANO,[1] | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Plaintiff Charlene Lively seeks attorney's fees under the Equal Access to Justice Act. Doc. 17. The Defendant does not oppose the motion. *Id.* at 2. For the reasons set forth below, it is **RECOMMENDED**[2] that Plaintiff's motion be **GRANTED**. Doc. 17.

### I.   BACKGROUND

After considering the parties' briefs in this social security appeal, the Court reversed the Commissioner's final decision and remanded this

---

[1] Frank Bisignano is now the Commissioner of Social Security and has been substituted as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. The Clerk is **DIRECTED** to update the docket accordingly.

[2] The Federal Rules of Civil Procedure establish that the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D). When considering a dispositive pretrial matter assigned "without the parties' consent," pursuant to Rule 72, "[t]he magistrate judge must enter a recommended disposition." Fed. R. Civ. P. 72(b)(1).

case to the Social Security Administration for further proceedings. *See* doc. 14 (R&R); doc. 15 (Order); doc. 16 (Judgment). Plaintiff then filed the instant motion requesting $8,494.08 in attorney's fees. Doc. 17 at 1.

## II. ANALYSIS

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)). A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment. *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993). Where an award is appropriate, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff is a prevailing party, *see* doc. 15, and her request is timely, *see* doc. 16 (Judgment entered February 19, 2025); doc. 17

(Motion filed May 19, 2025). The Commissioner does not contend that the agency's position was substantially justified. *See* doc. 17 at 2; *see also* doc. 17-1 at 3; *Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987) ("The government bears the burden of showing that its position was substantially justified."). The Court should find that Plaintiff is entitled to an award pursuant to the EAJA.

The Court should also find that the requested fees are reasonable. EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quotation marks and citations omitted). Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

3

First, the number of hours expended on this case by Plaintiff's counsel appears reasonable. Counsel requests fees for 33.8 hours of work. *See* doc. 17 at 1; doc. 17-1 at 5; doc. 17-3. The transcript in this case totaled 854 pages, *see* doc. 6-1 at 1-4, and counsel distilled that record down into a concise, persuasive brief analyzing four distinct issues, doc. 10. Counsel also prepared a compelling reply brief. *See* doc. 12. Additionally, the proposed hourly rates of $244.62 for work done in 2023 and $251.84 for work done in 2024 and 2025, *see* doc. 17-3, are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Long v. O'Malley*, 2024 WL 3167664, at *2 n. 2 (S.D. Ga. June 7, 2024) *adopted by* 2024 WL 3165305 (S.D. Ga. June 25, 2024) (finding hourly rate of $244.62 reasonable). Given the reasonableness of the hours expended and the hourly rate, the Court should award Plaintiff[3] $8,494.08 in attorney's fees.

---

[3] Plaintiff has attached an assignment of EAJA fees from Plaintiff to his counsel. *See* doc. 17-2. In *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). Therefore, as Plaintiff's counsel acknowledges, *see* doc. 17 at 1, the Court should award the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leave it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to

## III. CONCLUSION

For the foregoing reasons, the Court should **GRANT** Plaintiff's Consent Motion for Attorney's Fees Under the Equal Access to Justice Act. Doc. 17.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

---

Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." *Bostic*, 858 F. Supp. 2d at 1306; *see also Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 12th day of June, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA